Michael A. DOYLE, Plaintiff,

v.

**HOUSEHOLD CREDIT SERVICES, INC., Defendant.**

Civ. No. 93–CV–202–P–C.

United States District Court,
D. Maine.

Feb. 25, 1994.

---

**14**

Ralph A. Dyer, Portland, ME, for plaintiff.

Robert H. Stier, Bernstein, Shur, Sawyer & Nelson, Edwin R. Daggett, Jr., Daggett & Parker, Portland, ME, for defendant.

### MEMORANDUM OF DECISION AND ORDER

GENE CARTER, Chief Judge.

This action arises out of incorrect reports issued by Defendant, Household Credit Services, Inc., to credit reporting agencies that indicated that Plaintiff, Michael A. Doyle, had filed for bankruptcy. Plaintiff has brought this four-count action to recover for damages allegedly caused by these false reports of bankruptcy. Count I alleges a violation of the Federal Consumer Credit Protection Act sections 1640 and 1666a(c), 15 U.S.C. §§ 1640, 1666a(c). Count II alleges a violation of the Maine Consumer Credit Code, 9-A M.R.S.A. § 8–101 *et seq.* Count III alleges state common law claims of libel and slander based on actual malice and negligence. Count IV states a claim for negligent infliction of emotional distress. Presently before the Court is Defendant's Motion for Summary Judgment on all counts.

In order to prevail on this motion for summary judgment, Defendant bears the burden of showing that:

> the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

For the reasons that follow, the Court will grant Defendant's motion as to Count I, and will reserve ruling on Counts II, III and IV.

### FACTS

Plaintiff, Michael A. Doyle, had a credit card account with Defendant, Household Credit Inc. for several years. In December of 1991 or January of 1992, Defendant received notice that Michael Paul Doyle and Rita Ann Doyle FDBA Seafood Cooker of Moreno Valley, California had filed for bank-

ruptcy in the United States Bankruptcy Court, Central District of California. Michael Paul Doyle's social security number and address were not the same as Plaintiff's, nor was his address or his wife's name. Nevertheless, Household erroneously began issuing monthly reports to credit reporting agencies stating that Michael A. Doyle had filed for bankruptcy. On January 5, 1993, when an application to refinance his mortgage was denied, Plaintiff was advised that he had been reported as having filed for bankruptcy by Household. He wrote them a letter on January 14, 1993, and within the following two months, Household corrected the report and notified the credit reporting agencies to delete the bankruptcy information. During this time, Plaintiff was delinquent in his payments on the Household credit card account as well as on several other credit cards which he had.

## COUNT I

 Defendant's primary contention is that Plaintiff's claim is not encompassed by sections 162 and 130 of the Federal Consumer Credit Protection Act,[1] 15 U.S.C.

1. Defendant also contends that the statute of limitations bars Counts I and II, stating that Plaintiff was aware of the cause of action as of March 25, 1992, when he allegedly received a phone call from Household. Plaintiff maintains that he became aware of the bankruptcy reports only in January of 1993 and, thus, this action commenced in July of the same year was well within the one-year statute of limitations. These contrary assertions create a genuine issue of material fact that only a factfinder can resolve. Therefore, summary judgment cannot appropriately be granted on statute-of-limitations grounds.

2. Section 1640 also provides liability when a creditor fails to make other disclosures required by the Truth in Lending Act. The disclosures required in the monthly billing statement are *specifically enumerated* in section 1637(b). Such disclosures relate to, *inter alia*, the extension of credit, crediting of payments, calculation of finance charges, and balance information on the particular account. *See* 12 C.F.R. 226.1(b) (the purpose of the disclosure requirements is to encourage informed use of consumer credit by disclosing the "terms and cost" of credit). There is no broad language that can be read to require disclosure of information that does not relate to the terms of extension of credit or the cost thereof. Thus, Plaintiffs argument that the bankruptcy information should have been included under section 1637(b) fails.

§§ 1666a, 1640. A review of these sections confirms this assertion. Section 1666a prohibits a creditor from issuing adverse reports relating to an obligor's failure to pay amounts due to "billing errors" for which a creditor has received written notice from the obligor, pursuant to 1666a(a). It further requires a creditor to report disputed amounts and the resolution of any delinquencies reported as disputed. 15 U.S.C. 1666a(b)(c). Failure to comply with these requirements subjects a creditor to liability under section 1640 of the same act.[2] As defined in section 1666(b), a "billing error" clearly does not encompass the report at issue in this case.[3] Plaintiff does not allege any facts which indicate that a "billing error" of which Defendant had written notice was the source of the damaging report to other credit reporting agencies. Therefore, as a matter of law, Defendant is entitled to summary judgment on Plaintiff's Count I claim based on the provisions of 15 U.S.C. 1666a.

## COUNTS II–IV: STATE LAW CLAIMS

 Because Defendant is entitled to summary judgment on Plaintiff's claim under

3. [A] billing error consists of any of the following:
 (1) A reflection on a statement of an extension of credit which was not made to the obligor or, if made, was not in the amount reflected on such statement.
 (2) A reflection on a statement of an extension of credit for which the obligor requests additional clarification including documentary evidence thereof.
 (3) A reflection on a statement of goods or services not accepted by the obligor or his designee or not delivered to the obligor or his designee in accordance with the agreement made at the time of a transaction.
 (4) The creditor's failure to reflect properly on a statement a payment made by the obligor or a credit issued to the obligor.
 (5) A computation error or similar error of an accounting nature of the creditor on a statement.
 (6) Failure to transmit the statement required under section 127(b) of this Act [15 U.S.C.S. 1637(b)] to the last address of the obligor which has been disclosed to the creditor, unless that address was furnished less than twenty days before the end of billing cycle for which the statement is required.
 (7) Any other error described in regulations of the Board.
 15 U.S.C. 1666(b).

**16**

federal law, the Court now must consider the question of jurisdiction over the claims based on state law. Federal Rule of Civil Procedure 8(a)(1) requires a Plaintiff to include a short plain statement of the basis of subject matter jurisdiction. Failure to comply with this section must result in dismissal unless such failure is corrected by amendment. In the Complaint, Plaintiff alleges jurisdiction based on diversity of citizenship pursuant to section 1332 of Title 28 of the United States Code. Complaint, ¶ 4. The Complaint, however, indicates only that the amount in controversy "exceeds $10,000." *Id.* Since May 18, 1989, section 1332 has required that the jurisdictional amount in controversy must be in excess of "$50,000, exclusive of interests and costs."

 Failure to plead the jurisdictional amount does not deprive a federal district court of jurisdiction "if the allegations of the complaint clearly show the requisite jurisdictional amount." 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1213, at 131 (1990); *Ayala Serrano v. Lebron Gonzalez*, 909 F.2d 8, 14 (1st Cir.1990) ("federal subject matter jurisdiction may be established by a complete reading of the complaint, 'even though the jurisdiction expressly asserted was improper' "). In this case, the allegations in the Complaint (which do not indicate any specific dollar amount) do not clearly demonstrate that Plaintiff's claim satisfies the jurisdictional amount. Because amendment of the Complaint to satisfy the requirements of Rule 8(a)(1) is to be liberally granted pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the Court will permit Plaintiff to submit an amended complaint within the next ten days.[4] *See, Scattergood v. Perelman*, 945 F.2d 618 (3d Cir. 1991) (where district court dismissed federal claims, it erred in refusing to allow proposed amendment to assert federal diversity jurisdiction over pendent state claims). Failure to amend the Complaint within this time will result in dismissal. The Court will reserve ruling on the Motion for Summary Judgment on the state-law claims (Counts II, III, and IV) until it is satisfied that the Court has subject matter jurisdiction over these counts.

ACCORDINGLY, it is *ORDERED* that Defendant's Motion for Summary Judgment be, and it is hereby, *GRANTED* as to Count I. It is further *ORDERED* that Plaintiff submit any amendment to the Complaint increasing the allegation of the jurisdictional amount no later than Monday, March 7, 1994. Such amendment shall comply with the requirements of Federal Rules of Civil Procedure 8(a)(1) and 11.

---

4. The Court advises counsel that any amendment increasing the jurisdictional amount must be made on the basis of a good-faith and reasonable assessment of the evidence to be available at trial showing the extent and nature of any damages. Such an amendment must pass muster in light of the burdens imposed upon counsel by Federal Rule of Civil Procedure 11 and precedents, thereafter. The Court does not contemplate the reflexive filing of an amendment of the jurisdictional amount and, if it finds a filed amendment to be unsupported, will take appropriate action, through imposition of sanctions and otherwise, to address any unwarranted imposition upon this Court's time, resources, and jurisdiction.